UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-265 (WMW/HB) |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR *IN CAMERA* REVIEW |
| Erick Fontain Thomas, | |
| Defendant. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the court on Defendant Erick Fontain Thomas's Motion to Compel *In Camera* Review of Informer File. [ECF No. 70.] This motion arises out of a prior Motion for Evidentiary Hearing in Accordance with *Franks v. Delaware* [ECF No. 33] (*Franks* Motion), on which the Court held an initial hearing (*See* Aug. 12, 2021 Ct. Mins. [ECF No. 69]). Both motions relate to the application for the search warrant that is the subject of Thomas's Motion to Suppress Evidence Obtained by Search and Seizure. [ECF No. 23.]

Under *Franks*, a criminal defendant may request a hearing to challenge a search warrant on the grounds that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). In order to merit a *Franks* hearing, the defendant must show both "(1) that the affiant . . . 'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth' and (2) if the false information is excised (or the

omitted information is included), the affidavit no longer establishes probable cause." *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013) (quoting *Franks*, 438 U.S. at 155-56).

Thomas's *Franks* Motion was based upon two arguments. First, Thomas asserted that the CRI referred to in the affidavit supporting the search warrant application[1] had a lengthy criminal history that was not disclosed in the affidavit. (Def.'s Mem. Supp. *Franks* Mot. at 4–9 [ECF No. 34].) Second, Thomas asserted that the CRI had told a private investigator employed by Thomas's counsel that he (the purported CRI) did not provide the information to law enforcement that was attributed to him in the search warrant application.[2] (*Id.* at 10.) Thus, the *Franks* Motion argues, there is reason to believe the affidavit in support of the search warrant both omitted information that would have led the court to doubt the reliability of the CRI, and included statements—i.e., the representations about what the CRI had told law enforcement—that were "knowingly and intentionally" false or made in "reckless disregard for the truth." Thomas contends that if the omitted information had been included and the false information had been excluded, the affidavit would not have been sufficient to establish probable cause.

---

[1] The Government did not dispute at the hearing that Thomas had correctly identified the CRI in his motion.

[2] Initially, the investigator's information about his conversation with the CRI was merely recounted in the memorandum in support of the *Franks* Motion (*see* Def.'s Mem. Supp. *Franks* Mot.), but it was subsequently set forth separately in a sworn affidavit from the investigator himself. (Braatz Aff. [ECF No. 40-1].)

At the August 12 hearing, Thomas's counsel indicated an interest in having the Court review *in camera* certain information concerning the CRI. The Court granted leave to Thomas to file the instant motion but also directed counsel to meet and confer on the issue; it was agreed that further briefing and/or argument on the *Franks* Motion would be deferred until after resolution of the instant motion and an opportunity for defense counsel to review any additional materials the Government might agree to or the Court might order be produced. (Aug. 12, 2021 Ct. Mins.)

Thomas seeks to compel the Government to provide the following for *in camera* review by the Court:

- Any recordings, audio or visual, between the purported CRI and law enforcement concerning Erick Thomas and/or an individual referred to as "D." Particularly, any recordings prior to the December in custody interview of the purported CRI. This would include any meetings or interviews of the purported CRI in the spring, summer, or fall of 2020, when the purported CRI became a CRI, and also when the purported CRI purportedly told law enforcement that he purchased narcotics from Erick Thomas within three weeks of the execution of the August 25, 2020 search warrant. ("Request 1")
- Any document showing the purported CRI began working as an informant including but not limited to documents showing that the purported CRI officially signed up as an informant and when that happened (prior to August 25, 2020). ("Request 2")
- Any document from Inv. Ryan's agency detailing how his department/agency classifies the difference between a "C.I." and a "C.R.I" that were current policy as of the spring/summer of 2020. ("Request 3")
- All documents, reports, memoranda, emails, notes, etc. supporting Inv. Ryan's classification of the purported CRI as a "CRI" as opposed to a tipster, concerned citizen, or confidential informant. In other words, documents that support that the purported CRI was a *reliable* informant *prior* to August 25, 2020. ("Request 4")
- A copy of the video that Priscilla Caballero showed officer Tesdahl on August 25, 2020 that purportedly shows the narcotics she referred to in her August 25, 2020 recorded statement to law enforcement. ("Request 5")
- Any and all documents indicating that Rochester police knew Priscilla Caballero was engaged in narcotics sales or trafficking prior to or on August 25, 2020

3

> including but not limited to tips, investigations, surveillance, reports, memoranda, notes, or conversations between officers, informants, tipsters, or Ms. Caballero herself.  This includes but is not limited to any information that the purported CRI would have provided to law enforcement about Ms. Caballero prior to or on August 25, 2020. ("Request 6")

(Def.'s Mot. Compel at 1-3; Def.'s Mem. Supp. Mot. Compel at 5-7 [ECF No. 71].)  The Government responded to each of the Requests by letter.  (Gvt.'s Ex. 1 [ECF No. 72-1].)  As to Requests 1, 2, 3, 5, and 6, the Government either disclosed or stated its willingness to make available to Thomas the items he requested, or stated that the requested items do not exist.  (*Id.*)  As to those Requests, therefore, the motion to compel is moot.

However, the Government objected to producing documents responsive to Request 4, i.e., documents "that support that the purported CRI was a *reliable* informant *prior* to August 25, 2020."  The Government conceded that such documents existed, but that they were not "*Brady, Giglio,* or otherwise favorable to Mr. Thomas's case."  (*Id.* at 1.)  However, the Government proffered the following additional information:

> The United States now discloses to you that, before August 25, 2020, the CRI provided information to law enforcement on several investigations.  The CRI also conducted a successful controlled buy.  Information that the CRI provided law enforcement led to the recovery and arrests of multiple suspects and large amounts of illegal controlled substances and firearms.  Some of the cases for which the CRI provided information may still be active.

(*Id.*)

Thomas contends the documents described in Request 4 will "further substantiate Mr. Thomas's position that the *Franks* hearing is necessary in this case" and that "disclosure is necessary to assist Mr. Thomas's trial defense."  (Def.'s Mem. Supp. Mot. Compel at 8-9.)  *See* Fed. R. Crim. Pro. 16(a)(1)(E)(i).  In particular, Thomas argues, the

requested disclosures will assist in determining the reliability of the purported CRI, which goes to the probable cause inquiry in the *Franks* hearing. (Def.'s Mem. Supp. Mot. Compel at 9.) Furthermore, he believes the documents will help resolve the "dispute between what the purported CRI told law enforcement as included in the [warrant application] versus what was in the police reports." (*Id.* at 8.) Finally, Thomas argues the informer's privilege should not apply here, and that *in camera* review of the materials best balances his need for the information and the informant's need for confidentiality. (*See id.* at 2-5, 7-8, citing *United States v. Lapsley*, 263 F.3d 839, 842 (8th Cir. 2001) and *Roviaro v. United States*, 353 U.S. 53, 60 (1957).)

In its responsive memorandum, the Government argues that documents responsive to Request 4 "have no bearing whatsoever on resolving [the purported conflict between what the CRI told Thomas's private investigator and what the CRI told law enforcement]." Although it acknowledges the documents could potentially bear on "the CRI's general reliability" (Gvt. Mem. Opp. Mot. Compel at 7 [ECF No. 72]), it argues the requested information is immaterial because "the CRI's information regarding Thomas's involvement in drug trafficking was *mere corroboration* of the concerned citizen's tip that illegal drugs and guns would be found at the Residence" and that producing for *in camera* review documents reflecting specifics of the CRI's prior cooperation "may unduly jeopardize active criminal investigations/cases, and . . . expose the privacy interests of an informant." (*Id.* at 8 (emphasis in the original).)

The Court concludes that Thomas has not demonstrated the need for *in camera* review of the requested materials.  Returning to the first of the two stated bases for the *Franks* Motion that gave rise to the instant request, Thomas does not argue that the documents Thomas wishes the Court to review *in camera* bear on the CRI's criminal history or the significance of the omission of that information from the affidavit in support of the search warrant application.  As for the second asserted basis, Thomas offers nothing other than speculation to support his claim that documents about *prior* instances of cooperation by the CRI will help resolve any perceived discrepancies between what the private investigator claims the CRI told him and what the search warrant affidavit represents he told law enforcement, or between the latter and what is reflected in the police reports.  As for the generalized proposition that such documents would be "necessary to assist Mr. Thomas's trial defense," the Government represents that it has fully complied and will continue to comply with its obligations under Federal Rule of Criminal Procedure 16(a)(1)(E)(i) as well as under *Brady, Giglio,* and their progeny.  The Court finds no support for the proposition that the Court should require *in camera* production of information based on "mere speculation" that it might be material or that it might bear on the general reliability of an informant.  *United States v. Oliver,* 950 F.3d 556, 563 (8th Cir. 2020); *United States v. Mazzulla,* 932 F.3d 1091, 1100 (8th Cir. 2019); *United States v. Van Brocklin,* 115 F.3d 587, 594 (8th Cir. 1997).  To find otherwise would have the Court conducting *in camera* reviews of documents pertaining

to prior instances of assistance by a CRI in every case involving a search warrant based on information provided by a CRI.

Based on all of the above, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel *In Camera* Review of Informer File [ECF No. 70] is **DENIED AS MOOT** as to Requests 1, 2, 3, 5, and 6.
2. Defendant's Motion to Compel *In Camera* Review of Informer File is **DENIED** as to Request 4.
3. Defendant shall file his supplemental memorandum in support of his Motion for Evidentiary Hearing in Accordance with *Franks v. Delaware* [ECF No. 33] by October 14, 2021.
4. The Government shall file its responsive memorandum by October 21, 2021.
5. The Court will take the Motion for Evidentiary Hearing in Accordance with *Franks v. Delaware* [ECF No. 33] under advisement on October 21, 2021 and will issue an order in due course.

Dated: September 29, 2021                                *s/ Hildy Bowbeer*
                                                         HILDY BOWBEER
                                                         United States Magistrate Judge