UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Erick Fontain Thomas,<br><br>Defendant. | Case No. 20-cr-0265 (WMW/HB)<br><br>**ORDER** |

Before the Court is Defendant Erick Fontain Thomas's appeal of United States Magistrate Judge Hildy Bowbeer's December 14, 2021 order denying Thomas's motion for a *Franks* hearing. (Dkt. 83.) For the reasons addressed below, the Court affirms the order.

## BACKGROUND

Thomas disputes the legal grounds for the search warrant obtained for his residence based on the affidavit of Rochester Police Department Investigator Caleb Tesdahl. As relevant here, Investigator Tesdahl's affidavit states that Investigator S. Ryan met with a concerned citizen, who reported seeing within the preceding 96 hours a large amount of heroin and three firearms in Thomas's residence. Investigator Ryan told Investigator Tesdahl that in the previous three weeks, a confidential reliable informant had purchased heroin from Thomas. And Investigator Ryan told Investigator Tesdahl that, to satisfy a drug debt, a confidential reliable informant had given Thomas a car that was parked in Thomas's garage. The affidavit also states that Rochester Police

Department officers smelled marijuana emitting from the residence on the day Investigator Tesdahl submitted the affidavit. Based on the affidavit, a state-court judge issued a search warrant for Thomas's residence. Law enforcement officers seized heroin, methamphetamine, and five firearms from Thomas's residence pursuant to the warrant.

A federal grand jury indicted Thomas on one count of possession with the intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and one count of unlawful possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Thomas challenges the legality of the search and seeks a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to establish that Investigator Tesdahl omitted or misrepresented information in the affidavit he submitted. In a December 14, 2021 order, the magistrate judge denied Thomas's motion for a *Franks* hearing. Thomas appeals that order.[1]

## ANALYSIS

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). Reversal is warranted only if the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); LR 72.2(a). A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm

---

[1] Thomas also filed a pro se motion for reconsideration of the magistrate judge's order. Because a "district court has no obligation to entertain pro se motions filed by a represented party," *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (internal quotation marks omitted), the Court declines to consider Thomas's pro se motion.

2

conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it fails to apply or misapplies pertinent statutes, case law or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

Thomas seeks an evidentiary hearing to challenge the August 2020 warrant granted to search his home. An affidavit supporting a search warrant is presumed truthful. *Franks*, 438 U.S. at 164–65. But a defendant may challenge a search warrant on the grounds that the probable cause determination in the warrant was based on an affidavit that contains a deliberate falsehood or demonstrates reckless disregard for the truth. *Id.* at 171. At the defendant's request, a district court must hold a *Franks* hearing if the defendant makes a "substantial preliminary showing" that (1) the search warrant affiant "deliberately or recklessly included a false statement in, or omitted a true statement from," the search warrant affidavit; and (2) the affidavit would not establish probable cause if either the allegedly false information were ignored or the omitted information were included. *United States v. Snyder*, 511 F.3d 813, 816 (8th Cir. 2008). To make a "substantial preliminary showing," a defendant must offer "specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015).

Thomas objects to several portions of the magistrate judge's order. The Court addresses each objection in turn.

3

### I. Thomas's Identity

Thomas argues that the affidavit is misleading because it suggests that the informant specifically identified Thomas, even though the informant did not know Thomas's identity and only referred to a person by the name of "D." The affidavit states that "a confidential reliable informant (CRI) . . . purchased heroin from Erick Thomas in the last 3 weeks" and that an informant gave a car "to Thomas for a drug debt." The parties do not dispute that the confidential informant only referred to Thomas as "D" to law enforcement. But as the magistrate judge observed, the record supports finding that Investigator Ryan "firmly believed" that Thomas and "D" were the same person. In support of this finding, the magistrate judge's order relies on a supplemental report that Investigator Ryan prepared, which recounts the investigation leading to the issuance and execution of the search warrant. The report describes that both the concerned citizen and the confidential informant provided the same phone number for "D" and Thomas and that Investigator Ryan tracked the confidential informant's vehicle to the address that the concerned citizen had identified as Thomas's address. The report confirms that Investigator Ryan corroborated the identity of "D," which suggests that the wording of the affidavit was, at most, a product of negligent drafting and not an intent to mislead the issuing judge. *See Snyder*, 511 F.3d at 816 ("Allegations of negligence or innocent mistake will not suffice to demonstrate reckless or deliberate falsehood."). Accordingly, the magistrate judge did not clearly err by concluding that Thomas failed to make a substantial preliminary showing that the affidavit deliberately or recklessly included a false statement as to the individual identified by the confidential informant.

4

## II. Concerned Citizen's Information

Thomas contends that the affidavit misrepresents the information that the concerned citizen provided to law enforcement. Thomas argues that, although the affidavit states that the concerned citizen saw drugs at Thomas's residence within the preceding 96 hours, the concerned citizen testified under oath before the grand jury that he or she had only seen drugs three weeks earlier.

The affidavit states that Investigator Ryan met with a concerned citizen, who "told him that they saw a large amount of heroin within the last 96 hours" in Thomas's residence. The concerned citizen testified before the grand jury that he or she had contacted law enforcement after seeing a black bag, which the concerned citizen believed to contain drugs, and which Thomas had asked the concerned citizen to put in storage. In the grand jury testimony, the concerned citizen also described observing drugs three weeks before the concerned citizen contacted law enforcement.

As the magistrate judge observed, the concerned citizen's grand jury testimony is not clearly inconsistent with the information contained in the affidavit because the affidavit's reference to the concerned citizen's observation of drugs in the "last 96 hours" could refer to the concerned citizen seeing the black bag containing what he or she assumed were drugs. Moreover, the record is devoid of any evidence that Investigator Ryan or Investigator Tesdahl knowingly or recklessly disregarded the truth in order to mislead the magistrate judge who issued the search warrant. The magistrate judge did not clearly err by concluding that Thomas failed to establish that the affidavit contains a

deliberate falsehood or demonstrates a reckless disregard for the truth as to the information from the concerned citizen.[2]

### III.   Informant's Reliability and Criminal History

Thomas argues that the affidavit fails to demonstrate the reliability of the confidential informant.  "When an affidavit in support of a search warrant is based upon information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations—but not independent, essential elements—in finding probable cause."  *United States v. Faulkner*, 826 F.3d 1139, 1144 (8th Cir. 2016) (internal quotation marks omitted).  The core consideration in this analysis is whether the informant is reliable, that is, whether the informant "has a track record of supplying reliable information, or if [the information] is corroborated by independent evidence."  *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).  Here, Investigator Ryan independently corroborated the information from the confidential informant by locating the car that the informant allegedly gave to Thomas in front of Thomas's residence and through the information from the concerned citizen.  Accordingly, the magistrate judge did not clearly err by concluding that the affidavit's description of the confidential informant as reliable was not a misstatement, let alone a deliberate or reckless one.

Thomas also argues that the affidavit failed to disclose that the confidential informant has a criminal history.  A confidential informant's criminal history can be

---

[2]   Thomas also argues that law enforcement did not corroborate the information it received from the concerned citizen.  But as the magistrate judge observed, Investigator Ryan knew the identity of the concerned citizen, which suggests reliability.  *See United States v. Nolen*, 536 F.3d 834, 840 (8th Cir. 2008) (observing that "a tip received from a known informant will more readily support a finding of probable cause").

relevant to the reliability determination. *See United States v. Williams*, 477 F.3d 554, 559 (8th Cir. 2007). But omitting a confidential informant's criminal record does not satisfy the "rigorous standard" for obtaining a *Franks* hearing "when the informant's information is partially corroborated or his general credibility is otherwise not significant to the probable cause inquiry." *United States v. Carnahan*, 684 F.3d 732, 735 (8th Cir. 2012). As addressed above, Investigator Ryan partially corroborated the information provided by the confidential informant. And as the magistrate judge observed, the affidavit discloses that the confidential informant had purchased drugs from Thomas and was a suspect in a previous criminal investigation. Based on this information, the issuing judge could infer from the affidavit that the confidential informant had a criminal history. For these reasons, the magistrate judge did not clearly err by concluding that Thomas failed to make a substantial preliminary showing that the omission of the confidential informant's criminal history was intended to deceive the court or that the inclusion of the information would have made a difference in the probable cause analysis.[3]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

---

[3] Thomas also argues that the affidavit misrepresents the amount of marijuana present in his residence. Thomas contends that, although the affidavit stated that officers could smell marijuana from outside the residence, officers only recovered a small amount of marijuana from inside the house during their search pursuant to the warrant. But as the magistrate judge observed, the fact "that little marijuana was actually seized during the search does not mean officers could not smell marijuana outside the residence on the day [Investigator] Tesdahl applied for the warrant." The magistrate judge did not err by concluding that this argument did not tend to show that the information in the affidavit is false.

1. United States Magistrate Judge Hildy Bowbeer's December 14, 2021 order, (Dkt. 81), is **AFFIRMED**.

2. Defendant Erick Fontain Thomas's pro se motion for reconsideration, (Dkt. 85), is **DENIED**.

Dated: February 9, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge