UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0265 (WMW/HB) |
| Plaintiff, | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Erick Fontain Thomas, | |
| Defendant. | |

Before the Court is the March 11, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 93). The R&R recommends denying Defendant Erick Fontain Thomas's motion to suppress evidence obtained pursuant to a search warrant. Thomas filed objections to the R&R. Plaintiff United States of America did not respond. For the reasons addressed below, the Court overrules Thomas's objections, adopts the R&R, and denies Thomas's motion to suppress.

## BACKGROUND

On August 25, 2020, Rochester Police Department Investigator Caleb Tesdahl applied for a warrant to search a residence located in the City of Rochester (the Residence). In the affidavit filed in support of the search warrant, Investigator Tesdahl attests that Investigator S. Ryan met with a concerned citizen who reported observing at the Residence within the preceding 96 hours a large amount of heroin and three firearms. The concerned citizen also told Investigator Ryan that Thomas lived at the Residence. Investigator Ryan advised Investigator Tesdahl that in the previous three weeks, a confidential reliable

informant had purchased heroin from Thomas.  Investigator Ryan also told Investigator Tesdahl that, to satisfy a drug debt, a confidential reliable informant had given Thomas a car that was parked in Thomas's garage.  Based on the information contained in the affidavit, a state-court judge issued a search warrant for the Residence.  Law enforcement officers executed the search warrant and seized heroin, methamphetamine, and five firearms from the Residence pursuant to the warrant.

A federal grand jury returned an indictment charging Thomas with one count of possession with the intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and one count of unlawful possession of firearms by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On December 8, 2020, Thomas filed the pending motion to suppress the evidence seized pursuant to the search warrant and subsequently moved for a *Franks* hearing on January 15, 2021.  The magistrate judge denied Thomas's motion for a *Franks* hearing on December 14, 2021, a decision this Court affirmed on appeal.  The magistrate judge issued the pending R&R on March 11, 2020, which recommends denying Thomas's motion to suppress.  Thomas filed timely objections, to which the United States did not respond.

## ANALYSIS

Thomas objects to the R&R's recommendation to deny his motion to suppress evidence.  Specifically, Thomas objects to the R&R's conclusions that the facts provided in support of the search warrant application were reliable and that the issuing judge had a substantial basis to conclude probable cause existed to search the Residence. This Court reviews *de novo* those aspects of an R&R to which a defendant objects.  *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The Fourth Amendment to the United States Constitution requires a search warrant to be supported by probable cause.  U.S. Const. amend. IV; *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002).  To determine whether probable cause exists, a detached and neutral judge must make a "practical, common-sense decision" whether there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  When the issuing judge relies solely on a search warrant affidavit, only the information within the four corners of the affidavit may be considered when determining whether probable cause exists.  *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005).  A reviewing court affords the issuing judge's probable cause determination substantial deference.  *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996).

"[P]robable cause means 'a fair probability that contraband or evidence of a crime will be found.' "  *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Gates*, 462 U.S. at 238).  Probable cause to believe that an offense has been or is being committed may be established with information provided by an informant who has provided reliable information in the past, or when officers can independently corroborate important details from the informant's tip.  *See United States v. Edwards*, 891 F.3d 708, 711 (8th Cir. 2018); *United States v. Hambrick*, 630 F.3d 742, 747 (8th Cir. 2011).

## I.      Reliability of the Information in the Search Warrant Application

Thomas objects to the R&R's conclusion that the information provided by the concerned citizen and the informant was reliable.  Thomas argues that the information provided by the informant was "generally uncorroborated" and that "any innocuous details which were corroborated were not sufficient to establish the reliability of the two separate informers."  But "independent corroboration of even innocuous facts makes it more likely an informant is telling the truth about incriminating [facts], and corroboration of innocent behavior can provide the basis for establishing probable cause."  *United States v. Ketzeback*, 358 F.3d 987, 992 (8th Cir. 2004).

As the magistrate judge observed, the affidavit contains information that corroborates the information that the concerned citizen provided.  The concerned citizen stated that Thomas lived in the Residence and the concerned citizen had seen heroin and firearms in the Residence.  According to the affidavit, Officer J. Bradley responded to a call for service less than three weeks before the date of the affidavit and spoke with Thomas at the Residence.  This encounter corroborates the concerned citizen's information that Thomas lived at the Residence.

The affidavit also contains information corroborating the informant's statements.  The informant told law enforcement officers that he had given a car to Thomas to satisfy a drug debt.  Officers found the informant's car in the garage of the Residence, which corroborates the informant's statement.

Because the information provided by the concerned citizen and informant was corroborated by other facts in the affidavit, the magistrate judge correctly concluded the

concerned citizen and informant could properly be considered reliable. Thomas's objection on this ground is overruled.

## II.     Evidence of Drugs and Drug Paraphernalia

Thomas objects to the R&R's conclusion that the facts in the affidavit provide a substantial basis for the issuing judge to conclude that drugs and drug paraphernalia would be found in the Residence. The affidavit states that Investigator Ryan met with a concerned citizen, who "told him that they saw a large amount of heroin within the last 96 hours" in the Residence. The concerned citizen also reported seeing firearms in the Residence "within the last 24 hours." Thomas contends that these statements suggest that there was no longer heroin at the Residence at the time the concerned citizen saw the firearms. The magistrate observed that, although the concerned citizen "did not *mention* seeing heroin when visiting the [R]esidence approximately 72 hours later, that does not mean the heroin had been moved out of the [R]esidence, or even that s/he had looked for it and could not find it." The Court agrees. The fact that the concerned citizen did not report seeing heroin on this second occasion does not suggest that the heroin was no longer present. The magistrate judge correctly concluded that the facts in the affidavit provide a substantial basis for the issuing judge to conclude that drugs and drug paraphernalia would be found at the Residence. Thomas's objection on this ground is overruled.

## III.    Clear-Error Review

Finally, because Thomas does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord*

*Grinder*, 73 F.3d at 795.  Having carefully performed this review, the Court finds no clear error and adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant Erick Fontain Thomas's objections to the March 11, 2022 R&R, (Dkt. 94), are **OVERRULED**.

2.      The March 11, 2022 R&R, (Dkt. 93), is **ADOPTED**.

3.      Defendant Erick Fontain Thomas's motion to suppress evidence obtained pursuant to the execution of a search warrant, (Dkt. 23), is **DENIED**.


Dated:  May 9, 2022                                    s/Wilhelmina M. Wright____
                                                       Wilhelmina M. Wright
                                                       United States District Judge